UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| BRIUNA HARPER,<br><br>    Plaintiff,<br><br>v.<br><br>TCC WIRELESS LLC and XYZ INSURANCE COMPANY,<br><br>    Defendants. | Case No: 1:25-cv-00686-BBC |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
SECOND DECLARATION OF ERIC TARASIEVICH**

Defendant TCC Wireless LLC respectfully submits this response in opposition to Plaintiff's Motion to Strike the Second Declaration of Eric Tarasievich. (D.E. 15.) The Second Declaration was submitted in reply for the limited and appropriate purpose of responding to specific arguments raised by Plaintiff in her opposition to TCC Wireless's Motion to Compel Arbitration. This is permissible, and Plaintiff's arguments to the contrary do not square with the law on this issue.

**I.    Declarations attached to reply memoranda are not categorically prohibited.**

Nowhere in her Motion to Strike does Plaintiff point to any rule, local or otherwise, that prohibits the filing of the Second Declaration. (*See generally* D.E. 15.) The reason is because nothing in the rules prohibits the filing of the Second Declaration.

If anything, the local rules impliedly contemplate the filing of the Second Declaration. Local Rule 56 states, in the context of summary judgment motions, that "a moving party may file . . . (A) a reply memorandum; . . . and (C) any affidavits, declarations, and other materials referred to

in Fed. R. Civ. P. 56(c) submitted in reply." E.D. Wis. Civ. L.R. 56(b)(3)(A), (C). The Committee Comments likewise state: "*Civil L. R. 56, like Civil L. R. 7, also makes clear that declarations made in compliance with 28 U.S.C. 1746 may be used in the summary judgment process to the same effect as affidavits.*" *Id.*, comm. cmt. (italics in original).)

Although TCC Wireless's Motion to Compel Arbitration is not a "summary judgment motion," motions to compel arbitration under the Federal Arbitration Act are analyzed, in effect, using the summary judgment standard set forth in Fed. R. Civ. P. 56. (*See* D.E. 10-1 at 7-8 (citing, *inter alia*, *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002), and *Ward v. Charter Comms.*, 734 F. Supp. 3d 843, 847 (E.D. Wis. 2024).) Further, TCC Wireless's Motion to Compel Arbitration is ostensibly governed by Civil Local Rule 7, which states that a motion must include "a supporting memorandum and, when necessary, affidavits, declarations, or other papers," and that "the moving party may serve a reply memoranda and other papers" in support of its motion. (E.D. Wis. Civ. L.R. 7(a)(1), (c).) Although the phrase "other papers" is not defined, the Committee Comments state that Civil Local Rule 7 "*makes clear that declarations made in compliance with 28 U.S.C. § 1746 may be used to the same effect as affidavits in supporting motions.*" (E.D. Wis. Civ. L.R. 7, comm. cmt. (italics in original).)

In other words, nothing in the Local Rules prohibits TCC Wireless from filing the Second Declaration without leave of the Court. On the other hand, motions to strike are highly disfavored.

## II. Motions to strike are disfavored and inapt under these circumstances.

Motions to strike are governed by Fed. R. Civ. 12(f), which provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter."[1] The Local Rules likewise contemplate motions to strike. For example, Civil Local Rule 41(d) mirrors Rule 12(f), stating: "Whenever it appears to the Court that the plaintiff's complaint, the defendant's answer (including counterclaim), or any other pleading filed by a party is frivolous, without merit, or interposed primarily for any improper purpose, the Court may dismiss or strike the pleading, or any portion of the pleading . . . ." Elsewhere, the Local Rules state that "[c]ollateral motions, such as motions to strike, are disfavored." E.D. Wis. Civ. L.R. 56(b)(10); *see also id.*, comm. cmt. ("*Civil L. R. 56(b)(10) clarifies that collateral motions in the summary judgment process, including motions to strike, are disfavored. . . .*").) Similarly, "[m]otions to strike are disfavored . . . 'because they often serve only to delay.'" *Williamson v. Herzing Univ.*, No. 25-CV-497-JPS, 2025 WL 16503732, *1 (E.D. Wis. Jun. 11, 2025) (citing, *inter alia*, *Heller v. Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).

But even more to the point, based on its own terms, "*Rule 12(f) motions applicable only to pleadings*, such as a complaint or an answer, and not to motions or briefs." *Gomez v. Marchese & Co.*, No. 20-cv-1802-pp, 2022 WL 3228047, *4 (E.D. Wis. Aug. 10, 2022) (emphasis added) (citing Fed. Prac. & Proc. (Wright & Miller) § 1380; Fed. R. Civ. 7(a) (defining pleadings to include a complaint, counterclaim, crossclaim, counterclaim, crossclaim, third-party complaint, or reply to an answer)); *see also* E.D. Wis. Civ. L.R. Rule 41(d) (motions to strike apply to "pleadings" alone).

Because motions to strike are highly disfavored, and because the Second Declaration is not, by definition, a "pleading," the Court should deny Plaintiff's Motion to Strike out of hand as

---

[1] Plaintiff's Motion to Strike (D.E. 15) fails to cite or make reference to the rule governing motions to strike—Rule 12(f). No doubt because, as explained in this Part, motions to strike are applicable only to "pleadings" and a declaration is not a pleading. *See*, *e.g.*, Fed. R. Civ. P. 7(a) (defining pleadings).

procedurally improper.

**III.    The Second Declaration is permissible because it merely responds to specific arguments made by Plaintiff in her response opposing TCC Wireless's Motion to Compel Arbitration.**

Even assuming, *arguendo*, Rule 12(f) and/or its Local Rule analogue could be used to strike a declaration, which they cannot, "[s]triking a portion of a pleading is considered a 'drastic remed[y].'" *In re: Hair Relaxer Marketing Sales Practices and Prods. Liability Litig.*, MDL No. 3060/Master Docket No. 23-cv-0818, 2025 WL 553697, *4 (N.D. Ill. Feb. 19, 2025) (quoting *Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 991, 1007 (N.D. Ill. 2013)). As one court in this circuit recently put it, "[o]n a Rule 12(f) motion, the movant bears the burden to demonstrate 'that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial.'" *Id.* (quoting *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998)).

There is no argument or evidence that the Second Declaration is devoid of merit or unworthy of consideration. Although Plaintiff nakedly asserts the Court "possesses inherent authority to strike improper or prejudicial materials from the record to ensure fairness in the proceedings" (D.E. 15 at 2), she altogether fails to carry her burden to demonstrate that the Second Declaration is "improper" or "prejudicial."

First, a moving party may absolutely attach declarations to a reply for the limited purpose of rebutting or responding to specific issues or arguments raised by the non-moving party's opposition to the principal motion.[2] *See*, *e.g.*, *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1457 (E.D.

---

[2] TCC Wireless had no obligation to anticipate in its opening motion papers the specific argument(s) Plaintiff might raise in her opposition. *See, e.g.*, *Gayle v. Harry's Nurses Registry, Inc.*, No. 07-CV-4672 (NGG)(MDG), 2012 WL 4174401, *1 (E.D.N.Y. Sept. 18, 2012) ("Plaintiffs did not have          an obligation to anticipate in          their          opening          papers

Wis. 1993), *aff'd*, 41 F.3d 1510 (7th Cir. 1994) ("[W]here the reply affidavit merely responds to matters placed in issue by the opposition brief . . ., reply papers—both briefs and affidavits—may properly address those issues.");[3] *Davis v. Arcelormittal USA, LLC*, No. 2:18 CV 318, 2021 WL 848106, *7 (N.D. Ind. Mar. 5, 2021) ("There is no prohibition against filing additional affidavits with a reply brief, so long as the new affidavits merely respond to matters placed at issue by the response brief, and do not raise new arguments in favor of granting summary judgment."); *Whitaker v. Hill*, No. 1:21-CV-3781-AT-JSA, 2022 WL 22805082, *2 (N.D. Ga. Apr. 19, 2022) (collecting cases).[4] That is to say, "'[e]vidence offered to rebut points made in an opposition is permitted by way of reply.'" *Discepolo v. U.S. Dep't of Justice*, No. 16-cv-2351 (DLF-GMH), 2018 WL 6624360, *6 (D.D.C. Nov. 18, 2020) (quoting *Parker v. Heathcare Inv. Grp., Inc.*, 272 F. Supp. 3d 1303, 1318 (N.D. Ala. 2017)).

Plaintiff's response to the Motion to Compel Arbitration argues that TCC Wireless is not a party to any of the agreements to arbitrate indisputably entered into by and between herself and T-Mobile. (*See generally* D.E. 12.) In support of that argument, Plaintiff cites Supreme Court authority for the proposition that "traditional principles of state law' govern whether an arbitration

---

the specific arguments Defendants raised in their opposition; their response to those arguments was properly raised in their reply. Defendants' motion to strike is therefore denied."). Indeed, TCC Wireless maintains that it is a party to the agreements to arbitrate between Plaintiff and T-Mobile. (*See*, *e.g.*, D.E. 10-1 at 1-6, 11 (stating that "Plaintiff contractually agreed to arbitrate any disputes with TCC Wireless" and that "Plaintiff agreed to four separate agreements, each of which contained alternative dispute resolution provisions requiring Plaintiff to arbitrate all disputes with T-Mobile and its agents, dealers, and authorized retailers, among others[,]" including, of course, TCC Wireless).

[3] *See Beck v. Univ. of Wisc. Bd. of Regents*, 75 F.3d 1130, 1134 n.* (7th Cir. 1996) (quoting *Baugh*, 823 F. Supp. at 1457, for same).

[4] S*ee also Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 318 (7th Cir. 2003) ("There is no blanket prohibition from filing additional affidavits when a movant for summary judgment files a reply brief following a nonmovant's response.").

agreement can be enforced by or against a non-party" and plainly states that "estoppel" is among those traditional state law principles. (*Id.* at 2–3 (citations omitted).) Put another way, Plaintiff's opposition to the Motion to Compel allows TCC Wireless to argue in reply that under state estoppel law, TCC Wireless, even as a nonparty, may enforce the terms of Plaintiff's agreements to arbitrate with T-Mobile against Plaintiff.

Unsurprisingly, therefore, in the reply in support of its Motion to Compel, TCC Wireless argues just that position—in part, that the law of estoppel allows an alleged nonparty, like TCC Wireless, to enforce the terms of an agreement to arbitrate. (*See* D.E. 14 at 5–15 ("The parties agree that Supreme Court precedent 'identifie[s] . . . estoppel among those state law principles that could govern who may enforce the [arbitration] agreement . . . [and] [n]otwithstanding the argument above, TCC Wireless will focus solely on the law of estoppel to enforce the various agreements to arbitrate Plaintiff with T-Mobile.").) And specifically, the Second Declaration makes reference to the RSA entered into by T-Mobile and TCC Wireless. (*See* D.E. 14-2, 2d Tarasievich Decl. ¶ 3.) TCC Wireless argues in reply that the RSA evidences the "close relationship" between TCC Wireless and T-Mobile for purposes of applying Texas estoppel law (*See* D.E. 14 at 6–11.) Correspondingly, the Second Declaration evidences why, under Wisconsin estoppel law, TCC Wireless is likewise permitted to enforce the arbitration agreements Plaintiff indisputably entered into with T-Mobile. (*See id.* at 13-15).

Put succinctly, the Second Declaration supplies evidence—responsive to Plaintiff's opposition arguments—that nonparty TCC Wireless is authorized by Texas and Wisconsin estoppel law to enforce the arbitration agreements entered into by Plaintiff with T-Mobile, and that each

6

Case 1:25-cv-00686-BBC    Filed 08/26/25    Page 6 of 10    Document 16

one of the claims Plaintiff alleges against TCC Wireless must be arbitrated.[5] *See*, *e.g.*, *Baugh*, 823 F. Supp. at 1457; *Davis*, 2021 WL 848106 at *7; *Whitaker*, 2022 WL 22805082 at *2; *Discepolo*, 2018 WL 6624360 at *6; *Parker*, 272 F. Supp. 3d at 1318. Accordingly, the Court should reject Plaintiff's unsupported argument that consideration of the Second Declaration is "improper" or "prejudicial."

Second, the Court should reject Plaintiff's request to "strike" the Second Declaration. Plaintiff quotes *PalatiumCare, Inc. v. Notify LLC*, No. 22-CV-217-JPS-JPS, 2023 WL 2929462 (E.D. Wis. Apr. 13, 2023), for the proposition that "'[w]here new evidence is presented in either a party's reply brief or affidavit in further support of its motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion . . . or else strike that new evidence.'" (*Id.* at *4 (quoting *Baugh*, 823 F. Supp. at 1457; *see* D.E. 15 at 2).[6] Yet, under these circumstances, this statement is an incomplete statement of applicable law. *Baugh*, on the other hand, is worth closer consideration.

In *Baugh*, the court analyzed various motions to strike affidavits, including certain "supplemental affidavits and attached exhibits . . . which were filed with the reply brief." 823 F. Supp. at 1456. Then-Chief Judge Evans explained: "It seems absurd to say that reply briefs are allowed but that a party is proscribed from backing up its arguments in reply with the necessary evidentiary material. Such a rule would allow the party opposing the motion to gain an unfair advantage by submitting issues and evidentiary support that were unforeseen at the time the motion was first

---

[5] (*See* D.E. at 5 n. 5 (explaining why TCC Wireless had to analyze estoppel under both Texas and Wisconsin law).)
[6] Notably, the *PalatiumCare, Inc.* Court did *not* strike the declaration filed in connection with the defendant's reply. 2023 WL 2929462 at *4.

proffered." *Id.* at 1456–57 (footnote omitted). The Court then explained, as quoted by Plaintiff and reproduced above, "[w]here new evidence is presented in either a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion, . . . or else strike that new evidence." *Id.* at 1457. Critically, however, the *Baugh* decision did not stop there. Rather, the Court clarified "*[w]here the reply affidavit merely responds to matters placed in issue by the opposition brief . . ., reply papers—both briefs and affidavits—may properly address those issues*." *Id.* (emphasis added); *see also Beck*, 75 F.3d at 1134 n.\* (quoting *Baugh* for same).

Because, as explained above, the Second Declaration merely responds to a matter placed in issue by Plaintiff's opposition to the Motion to Compel, principally, that nonparty TCC Wireless is permitted to enforce the arbitration agreements entered into by Plaintiff with T-Mobile under the law of estoppel, the Court should reject Plaintiff's argument that the Second Declaration constitutes "new" or otherwise impermissible evidence. Under the law and facts set forth above, the Second Declaration is permissible in all respects and under no circumstances should it be struck.

### IV. Plaintiff be given leave to file a sur-reply.

For all of the reasons set forth above, the Court should deny Plaintiff's Motion to Strike in its entirety. Plaintiff could have requested alternative relief in her motion, namely, that she be given leave to file a sur-reply, but she simply failed to do so. (*See* D.E. 15.) Accordingly, the Court should not grant Plaintiff leave to file a sur-reply. *See Davis*, 2021 WL 848106 at \*7 ("The motion to strike will be denied. The court notes that if plaintiff wished to file a sur-reply, she was free to seek leave

to do so.").⁷

**V.     Conclusion**

For the reasons discussed above, the Court should deny Plaintiff's Motion to Strike in its entirety. The Court should also grant TCC Wireless's Motion to Compel Arbitration (D.E. 10) in its entirety and grant TCC Wireless any other and further relief deemed appropriate under the circumstances.

Date: August 26, 2025

                                                  Respectfully submitted,

                                                  TCC WIRELESS LLC

                                                  /s/ *Benjamin S. Morrell*
                                                  Benjamin S. Morrell (IL ARDC No. 6341896)
                                                  TAFT STETTINIUS & HOLLISTER LLP
                                                  111 E. Wacker Drive, Suite 2600
                                                  Chicago, IL 60601
                                                  Tel.: (312) 527-4000
                                                  Fax: (312) 527-4011
                                                  bmorrell@taftlaw.com

                                                  *Counsel for Defendant*

---

⁷ Likewise, although Plaintiff relies on *PalatiumCare, Inc.* in her Motion to Strike (*see* D.E. 15), the plaintiff in that case did *not* file a motion to strike. Rather, the plaintiff filed a motion for leave to file a sur-reply. *See*, *e.g.*, *PalatiumCare, Inc.*, 2023 WL 2929462 at *1 (nothing that "Plaintiff moved for leave to file a sur-reply, and attached a proposed sur-reply"). Had Plaintiff intended to file a sur-reply, she could have followed the plaintiff's lead in *PalatiumCare, Inc.* and sought leave to do so. But Plaintiff did not do so.

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing documents with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Dated: August 26, 2025

<i>/s/ Benjamin S. Morrell</i>