## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

| | |
|---|---|
| BRIUNA HARPER, | |
| Plaintiff, | |
| v. | Case No: 1:25-cv-00686-BBC |
| TCC WIRELESS LLC and XYZ INSURANCE COMPANY, | |
| Defendants. | |

## MOTION FOR CHANGE OF VENUE

Defendant TCC Wireless, LLC, through its undersigned counsel, moves for a change of venue pursuant to 28 U.S.C. § 1404. Specifically, TCC Wireless requests this case to be transferred to this Court's Milwaukee Division, because Plaintiff's Complaint admits that all events giving rise to her claims occurred in Sheboygan County, which is in that division. Because the convenience of the witnesses and the parties, and the interests of justice, would be served by transferring this case to the Milwaukee Division, the motion for change of venue should be granted.

## BACKGROUND

As the Court recently noted in its order denying TCC Wireless's motion to compel arbitration, Plaintiff "filed this action in the Green Bay division despite alleging, 'All events giving rise to this claim occurred in Sheboygan County, Wisconsin.' Sheboygan is in the Milwaukee division." (D.E. 22 at 1 (quoting Compl., D.E. 1, ¶ 12).) The Court observed that it "has discretion whether to transfer an action when it is filed in the wrong division, particularly in light of the fact that the divisions in this district are administrative rather than statutory," noted that TCC Wireless had not objected at that time, and declined to transfer the case *sua sponte*. (*Id.* at 2.)

TCC Wireless noticed the discrepancy between the Complaint's allegations and the division Plaintiff filed it in, but did not immediately move for a change of venue because arbitration agreements often supersede venue considerations and its motion to compel arbitration, if granted, would have mooted the issue and avoided potentially unnecessary motion practice.[1] With the motion to compel arbitration having been denied, TCC Wireless now moves to have this case transferred to the proper division. And it does so at the earliest opportunity, before filing its Answer to the Complaint.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Eastern District of Wisconsin's divisions "are administrative rather than statutory." (D.E. 22 at 2 (citing relevant authority).) Thus, the Court has "discretion under § 1404(c) to select any designated location within the district as the place of trial." *Grossman v. Smart*, 73 F.3d 364, 1995 WL 767893, at *1 (7th Cir. 1995) (table). "[T]he transfer requirements of 28 U.S.C. § 1404(a) . . . [guide] the court's exercise of discretion" here. *Id.* "These requirements include the convenience of parties and witnesses, and the interest of justice, meaning the efficient administration of the court system." *Id.* (citation omitted). Section 1404(a) thus "permits a flexible and individualized analysis and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Bogard v. TikTok Inc.*, 725 F. Supp. 3d 897, 904 (S.D. Ind. 2024) (cleaned

---

[1] Additionally, filing a motion for change of venue in advance of filing a motion to compel arbitration may trigger waiver of the right to compel arbitration. *See, e.g.*, *Morgan v. Sundance, Inc.*, 596 U.S. 411, 413 (2022) (a party waives its right to arbitration when it knowingly acts inconsistently with that right).

up). "In a motion to transfer, the moving party bears the burden of establishing that the transferee forum is clearly more convenient." *Id.* (cleaned up).

## ARGUMENT

The venue statute provides that a civil action may be brought in:

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). TCC Wireless, LLC is not a resident of Wisconsin, which rules out § 1391(b)(1).[2] (*See* Compl., 2d ¶ 3.[3]) And "[t]here exists at least some district in which this action can be brought, which rules out § 1391(b)(3)." *Honest Abe Roofing Franchise, Inc. v. Lesjon Holdings, LLC*, 705 F. Supp. 3d 872, 881 (S.D. Ind. 2023). "That leaves § 1391(b)(2), the judicial district in which a 'substantial part of the events or omissions giving rise to the claim occurred.'" *Id.*

"The test of determining whether a 'substantial part' of the events or omissions giving rise to a claim occurred in a particular district is more of a qualitative, rather than quantitative inquiry." *Id.* (quoting *Estate of Moore v. Dixon*, 460 F. Supp. 2d 931, 936 (E.D. Wis. 2006)). Here, this

---

[2] TCC Wireless's headquarters is located in Bloomingdale, Illinois (and its manager and sole owner, TCC Wireless Holdings LLC, is headquartered in Keego Harbor, Michigan). **Exhibit A**, attached hereto, shows the Illinois Secretary of State's "Business Entity Search" web page for TCC Wireless, LLC and includes this information. The Court may take judicial notice of this type of information compiled on official government websites. *Denius v. Dunlap,* 330 F.3d 919, 926 (7th Cir. 2003); *Scan Top Enter. Co., Ltd. v. Winplus N. Am., Inc.*, No. 14 C 7505, 2015 WL 4945240, at *3 (N.D. Ill. Aug. 19, 2015).

[3] The Complaint contains two sets of Paragraphs 1–5.

question is straightforward. The Complaint alleges that "[a]ll events giving rise to this claim occurred in Sheboygan County, Wisconsin." (Compl. ¶ 12; *see* D.E. 22 at 1.) As the Court's prior order makes clear, and the Court's website illustrates, "Sheboygan is in the Milwaukee division." (D.E. 22 at 1.)

Counties Served by Division

See https://www.wied.uscourts.gov/counties-served-division. Accordingly, this case "could have been brought" in the Milwaukee Division under § 1391(b)(2)—and it could *not* have been brought

in the Green Bay Division under any subsection of § 1391(b).

The Milwaukee Division is clearly more convenient than the Green Bay Division for this case. To begin, the convenience of the parties would be served by a transfer to the Milwaukee Division. Plaintiff resides in Texas, but during the school year, she resides in Sheboygan County, in the Milwaukee Division. (Compl. ¶¶ 9–10.) TCC Wireless is headquartered in Bloomingdale, Illinois, a suburb of Chicago. (*See* Ex. A at 1.) Both parties will thus have to travel to the Court from out of town, except Plaintiff during the school year (in which case the Milwaukee Division will also be more convenient). Milwaukee has an international airport with direct flights to several cities in Texas that would make travel more convenient for Plaintiff. Green Bay's airport does not appear to offer direct flights to Texas. *See United States v. Am. Linen Supply Co.*, 134 F. Supp. 21, 25 (E.D. Wis. 1955) (considering availability of direct flights versus connections in convenience analysis). Milwaukee has an Amtrak station that would make travel for TCC Wireless personnel more convenient. Amtrak does not offer passenger rail service to Green Bay. *See id.* (noting "the fact that there are eighty-five minute trains between Chicago and Milwaukee" in convenience analysis). And Milwaukee is a shorter drive for both parties. *See Banta Corp. v. Hunter Publ'g Ltd. P'ship*, 915 F. Supp. 80, 85 (E.D. Wis. 1995) (noting the "the close proximity of Chicago to Milwaukee" in the context of a motion to transfer).

The convenience of witnesses would also be served by transferring this case to the Milwaukee Division. "In resolving a motion to transfer, convenience of the witnesses is one of the most important considerations." *Id.* at 84. As the Complaint admits, the events giving rise to Plaintiff's claims allegedly took place there. (Compl. ¶ 12.) Witnesses and evidence will thus be found in the Milwaukee Division, not the Green Bay Division. For witnesses who do not reside in either

division, the above analysis applies here as well, as Milwaukee will, in all likelihood, be more convenient for them to travel to than Green Bay. Plaintiff has identified no witnesses who reside in the Green Bay Division or for whom that division would be more convenient.

Also, Plaintiff's preference in selecting a forum has little weight here. "[W]here the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value." *Dunn v. Soo Line R.R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994) (cleaned up). That is the case here by Plaintiff's own admission. (*See* Compl. ¶ 12.)

The interests of justice would be served by transferring this case to the Milwaukee Division as well. "This factor includes such considerations as the relationship of the forum, the court, and prospective jurors with the occurrence at issue, access to sources of proof, the cost of attendance of willing witnesses, as well as the amenability to service of process of unwilling witnesses, ensuring speedy litigation, and the familiarity of the trial court with the applicable state law." *Dunn*, 864 F. Supp. at 66. All events giving rise to Plaintiff's claims occurred in the Milwaukee Division. (Compl. ¶ 12.) "As a result, the community [there] has a close connection to the" occurrence at issue. *Dunn*, 864 F. Supp. at 67. The Green Bay Division has no such relationship because no part of this case occurred there, no witnesses reside there, and no party resides there. Indeed, this case could not have been brought in the Green Bay Division under any subsection of § 1391(b).

Sources of proof will be readily accessible in the Milwaukee Division because the underlying events occurred there. The cost of attendance of willing witnesses will be lower in the Milwaukee Division for the reasons discussed above, and the witness most likely to require compulsory process to ensure attendance, Farlane Nicholas Bedford, appears to reside in the Milwaukee Division. (*See* Compl. ¶ 29.) Finally, both divisions are equally familiar with Wisconsin law and are

equally likely to ensure speedy litigation. TCC Wireless submits that now is the proper time for transfer, as this case is still in the pleadings stage and TCC Wireless moved for a change of venue at the earliest possibly opportunity after its motion to compel arbitration (which did not concern the merits of Plaintiff's claims) was denied.

All factors except for the Plaintiff's choice of forum—which is afforded little weight in this situation—either favor the Milwaukee Division or equally favor both divisions. TCC Wireless has thus demonstrated that the Milwaukee Division would clearly be the more convenient forum for this case.

## CONCLUSION

For the reasons discussed above, the Court should grant the motion for change of venue and transfer this case to the Milwaukee Division of this Court.


Date: December 2, 2025

> Respectfully submitted,
>
> TCC WIRELESS LLC
>
> /s/ *Benjamin S. Morrell*
> Benjamin S. Morrell (IL ARDC No. 6341896)
> TAFT STETTINIUS & HOLLISTER LLP
> 111 E. Wacker Drive, Suite 2600
> Chicago, IL 60601
> Tel.: (312) 527-4000
> Fax: (312) 527-4011
> bmorrell@taftlaw.com
>
> *Counsel for Defendant TCC Wireless, LLC*

## LOCAL RULE 7(a)(2) CERTIFICATE

Pursuant to Local Rule 7(a)(2), I hereby certify that no separate memorandum or other supporting papers will be filed in support of this motion, except for a reply brief pursuant to Local Rule 7(c) in the event Plaintiff files a response in opposition.

Dated: December 2, 2025

*/s/ Benjamin S. Morrell*

# CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing documents with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Dated: December 2, 2025

*/s/ Benjamin S. Morrell*