# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

BRIUNA HARPER,

      Plaintiff,

v.

      Case No: 1:25-cv-00686-BBC

TCC WIRELESS LLC and XYZ
INSURANCE COMPANY,

      Defendants.

## <u>ANSWER</u>

Defendant TCC Wireless, LLC, through its undersigned counsel, provides its answer and defenses to Plaintiff's Complaint as follows. (*See* D.E. 1.) Any allegations contained in the Complaint not specifically admitted herein are expressly denied.

### <u>Introduction</u>

1.      T-Mobile is the third largest wireless carrier in the United States. It has over 20,000 storefront locations.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1, and therefore denies them.

2.      T-Mobile and its agents fail to safeguard personal data of its customers and does not use customary practices or procedures to protect its customers' privacy and information.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 2 because they are untrue.

3.      Everyone knows that cellular devices contain consumers' private communications, images, videos, searches, and more.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 3 because they are

untrue.

4.      For many years retail store employees have obtained sensitive information about T-Mobile customers, including explicit photographs and videos. For instance, in October of 2022 a T-Mobile customer in Washington had their personal information, including intimate photos and videos stolen from her phone by an employee of a T-Mobile store.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4, and therefore denies them.

5.      Defendants did not take any steps in response to this incident, or any other incident, to improve their employee training or procedures that would address the issue of employees taking sensitive customer information.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 5 because they are untrue.

## Parties

1.      Plaintiff Briuna Harper ("Plaintiff") is an adult citizen and resident of the State of Texas, residing at 213 Stable Dr., Waxahachie, Texas 75165.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of this second Paragraph numbered Paragraph 1, and therefore denies them.

2.      During the school year, Plaintiff resides at W3718 South Drive, Plymouth, Wisconsin 53073.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of this second Paragraph numbered Paragraph 2, and therefore denies them.

3.      Defendant TCC Wireless, LLC ("TCC Wireless") is a corporation incorporated in the state of Delaware with a principal place of business of 160 Greentree Dr. Suite 101, Dover,

2

Delaware 19904.

**Answer:** Defendant TCC Wireless denies the allegations of this second Paragraph numbered Paragraph 3. TCC Wireless is a limited liability company organized under the laws of Delaware. Its headquarters is in Bloomingdale, Illinois.

4.     Defendant XYZ Insurance Company ("XYZ") is one or more insurance companies issuing liability insurance covering TCC Wireless, or otherwise covering the occurrence hereinafter described. Said policy was in full force and effect at the time of said occurrence.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of this second Paragraph numbered Paragraph 4, and therefore denies them.

5.     By the terms of said policy, XYZ is liable for paying all damages caused by TCC Wireless's acts or omissions in this action.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of this second Paragraph numbered Paragraph 5, and therefore denies them.

<u>Jurisdiction</u>

6.     Jurisdiction is proper pursuant to 28 U.S.C. §1331.

**Answer:** Defendant TCC Wireless admits the allegations of Paragraph 6.

7.     Plaintiff's civil action arises under federal law.

**Answer:** Defendant TCC Wireless admits the allegations of Paragraph 7.

8.     Jurisdiction is proper pursuant to 28 U.S.C. §1332(a).

**Answer:** Defendant TCC Wireless admits the allegations of Paragraph 8.

9.     Plaintiff is a resident of the State of Texas, and all Defendants are registered corporations of the State of Delaware.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding Plaintiff's state of residence, and therefore denies it. TCC Wireless denies any remaining allegations of Paragraph 9 because they are untrue.

10.     The amount in controversy exceeds $75,000.

**Answer:** Defendant TCC Wireless admits Paragraph 10's allegation that Plaintiff is seeking damages in excess of $75,000, but specifically denies that Plaintiff is entitled to any amount of damages.

11.     Defendant TCC Wireless purposefully avails itself of the privileges of conducting activities in the state of Wisconsin including maintaining and operating one or more retail T-Mobile stores, selling phones and service plans and hiring and managing employees.

**Answer:** Defendant TCC Wireless admits the allegations of Paragraph 11.

12.     All events giving rise to this claim occurred in Sheboygan County, Wisconsin.

**Answer:** Defendant TCC Wireless admits that the alleged conduct described in the Complaint is claimed to have occurred in Sheboygan County, Wisconsin. TCC Wireless denies any remaining allegations of Paragraph 12.

<u>Relevant Facts</u>

13.     T-Mobile offers for sale to the public mobile phone services.

**Answer:** Defendant TCC Wireless admits the allegations of Paragraph 13.

14.     Based on information and belief, T-Mobile contracts with licensees to provide T-Mobile service plans to the public.

**Answer:** Defendant TCC Wireless admits the allegations of Paragraph 14.

15.     Based upon information and belief, TCC Wireless is a licensee of T-Mobile and TCC Wireless's agents sell phone service plans and mobile phones to the public.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 15 because they are untrue.

16.     TCC Wireless offers for sale to the public T-Mobile phone service and mobile phones. TCC Wireless has T-Mobile stores in 24 states with over 200 stores.

**Answer:** Defendant TCC Wireless admits the allegations of Paragraph 16.

17.     TCC Wireless had knowledge that its employees and agents sell T-Mobile phone services and mobile phones to the public.

**Answer:** Defendant TCC Wireless admits that its employees sell T-Mobile phone services and mobile phones to the public. Defendant TCC Wireless denies any remaining the allegations of Paragraph 17.

18.     Based upon information and belief, TCC Wireless had knowledge that as a necessary part of the process of selling phone service plans and mobile phones to the public, its employees licensees agents must access customer phones that contain personal information.

**Answer:** Defendant TCC Wireless admits that in some instances of providing services or sales, its employees may temporarily have access to a customer's mobile phone. TCC Wireless denies any remaining allegations of Paragraph 18.

19.     TCC Wireless, LLC hires, trains and manages employees and agents knowing that such employees and agents will access personal information on customer phones in the course of conducting the business of TCC Wireless.

**Answer:** Defendant TCC Wireless admits that in some instances of providing services or sales, its employees may temporarily have access to a customer's mobile phone. TCC Wireless denies any remaining allegations of Paragraph 19.

20.     TCC Wireless directs its employees and agents to access personal information on customer mobile phones to facilitate the sale of new phone service plans and/or new phones.

**Answer:** Defendant TCC Wireless admits that in some instances of providing services or sales, its employees may temporarily have access to a customer's mobile phone. TCC Wireless denies any remaining allegations of Paragraph 20.

21.     Based on information and belief, TCC Wireless was aware of the risk posed to their customers' data privacy when purchasing new phones and transferring data.

**Answer:** Defendant TCC Wireless admits that in some instances of providing services or sales, its employees may temporarily have access to a customer's mobile phone. TCC Wireless denies any remaining allegations of Paragraph 21.

22.     TCC Wireless established procedures and rules for handling customer personal data. These procedures are ineffective and, on information and belief, have not been updated even after numerous instances of employees taking private customer data.

**Answer:** Defendant TCC Wireless admits that it maintains rules and procedures, and trains and instructs its employees pursuant to those rules and procedures, regarding handling customer property. TCC Wireless denies any remaining allegations of Paragraph 22.

23.     On or around 2015, Plaintiff was a T-Mobile customer with a contract for T-Mobile phone service.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23, and therefore denies them.

24.     Plaintiff owned an iPhone 12 purchased from T-Mobile that she used with her T-Mobile phone service.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24, and therefore denies them.

25.     Sometime before November 9, 2024, Plaintiff's iPhone 12 was operating more slowly, and Plaintiff wished to upgrade it.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25, and therefore denies them.

26.     On November 9, 2024, the Plaintiff drove and parked at 2932 South Business Drive, Sheboygan, ("the Store") the location of a T-Mobile retail store.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26, and therefore denies them.

27.     The Store was offering an incentive to customers encouraging them to trade in their devices. If customers upgraded their phone to a newer model, they could get a credit on the price of the newer model if they relinquished their old one at the Store. The Store offered consumers in-store, turn-key service to migrate their data that included pictures, apps, contacts, etc. from their old device to their new device.

**Answer:** Defendant TCC Wireless admits that some of its stores on occasion run promotions like that described in Paragraph 27. TCC Wireless denies any remaining allegations of Paragraph 27.

28.     The Plaintiff entered the Store at approximately 2:15 p.m.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28, and therefore denies them.

29.     At that time, a TCC Wireless employee, Farlane Nicholas Bedford ("Bedford") was behind the counter speaking with a group of people that appeared to be a family.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29, and therefore denies them.

30.     Plaintiff waited for the family to leave and then approached the counter.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30, and therefore denies them.

31. Plaintiff reasonably believed that Bedford was an agent of the Defendant who was assisting her to upgrade her T-Mobile iPhone 12.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31, and therefore denies them.

32. T-Mobile and its partner stores represent to its customers, including plaintiff, that it has safeguards in place to protect consumer information. For instance, T-Mobile's website provides: We use administrative, technical, contractual, and physical safeguards designed to protect your data. For example, when you contact by phone or visit us in our stores, we have procedures, in place to make sure that only the primary account holder or authorized users have access.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32, and therefore denies them.

33. Plaintiff asked Bedford whether she could upgrade her iPhone 12.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33, and therefore denies them.

34. Bedford stated to Plaintiff that she could in fact upgrade her iPhone to a newer model.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 34, and therefore denies them.

35. Bedford presented to the Plaintiff three different iPhone models including an iPhone 14, 15, and 16.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35, and therefore denies them.

36.    Plaintiff chose the iPhone 16 model.

**Answer:** Defendant TCC Wireless admits that Plaintiff chose to purchase an iPhone 16.

37.    Bedford instructed Plaintiff that she would need to turn over to TCC Wireless her old iPhone 12 to receive the new iPhone 16.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 37, and therefore denies them.

38.    Plaintiff was instructed by Bedford that the anti-theft "find my phone" feature would need to be deactivated to transfer her T-Mobile service from her iPhone 12 to the new iPhone 16.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 38, and therefore denies them.

39.    The deactivation process would take sixty minutes.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 39.

40.    Plaintiff initiated the deactivation process on her iPhone 12 at 2:32 p.m.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 40, and therefore denies them.

41.    Plaintiff left the store and returned to her car where she waited for one hour.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41, and therefore denies them.

42.    At 3:32 p.m., Plaintiff returned to the Store.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42, and therefore denies them.

43.     Bedford appeared to be assisting a family at that time.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a be-lief about the truth of the allegations of Paragraph 43, and therefore denies them.

44.     Bedford directed another TCC Wireless employee present to go and retrieve a new iPhone 16.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a be-lief about the truth of the allegations of Paragraph 44, and therefore denies them.

45.     Bedford then asked Plaintiff her age.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a be-lief about the truth of the allegations of Paragraph 45, and therefore denies them.

46.     Bedford also asked Plaintiff which school she attended.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a be-lief about the truth of the allegations of Paragraph 46, and therefore denies them.

47.     Plaintiff inquired of Bedford the process for transferring data from her iPhone 12 to the iPhone 16.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a be-lief about the truth of the allegations of Paragraph 47, and therefore denies them.

48.     Bedford stated that he would "clone" the Plaintiff's phone.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a be-lief about the truth of the allegations of Paragraph 48, and therefore denies them.

49.     Bedford stated to the Plaintiff that she needed to input her iCloud password into her iPhone 12 in order to facilitate the transfer of her personal, private data to the iPhone 16.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 49, and therefore denies them.

50. Plaintiff complied and entered her password in front of Bedford to allow her data from her iPhone 12 to transfer to the new iPhone 16.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 50, and therefore denies them.

51. Plaintiff did not consent to the use of her personal information or her images by the Defendant.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 51, and therefore denies them.

52. Bedford asked Plaintiff to hold her iPhone 12 over the iPhone 16.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 52, and therefore denies them.

53. Once the data had been transferred, Plaintiff attempted to delete personal information present on her iPhone 12.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 53, and therefore denies them.

54. Bedford seized the iPhone 12 stating "I gotch you" and insisted he would ensure all personal information was deleted.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 54, and therefore denies them.

55. Bedford manipulated the iPhone 12 so as to appear to be deleting information.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 55, and therefore denies them.

56.     Plaintiff asked if all personal files and information were deleted from the iPhone 12.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 56, and therefore denies them.

57.     Bedford stated that all personal information was deleted from the iPhone 12.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 57, and therefore denies them.

58.     Bedford affixed a sticker to Plaintiff's iPhone 12.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 58, and therefore denies them.

59.     Plaintiff reasonably believed that at this time, based on Bedford's representations, that her old iPhone 12 would be wiped of all personal data and returned to factory settings.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 59, and therefore denies them.

60.     Plaintiff did not entertain the thought that Defendant's employee would engage in the theft of her private information during a device upgrade, especially when she was required to give the employee full access to her device.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 60, and therefore denies them.

61.     On November 10, 2024 at or around 8 a.m., Plaintiff discovered on her iPhone 16 that four text messages had been sent from her account the previous day at or around 4:46 p.m. to a phone number she did not recognize.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 61, and therefore denies them.

62. The first message said, "Yoo".

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 62, and therefore denies them.

63. The second message contained two videos of the Plaintiff.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 63, and therefore denies them.

64. The third message was an iCloud link to multiple sexually explicit pictures and videos of the Plaintiff located in a hidden folder.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 64, and therefore denies them.

65. The fourth message was an iCloud link to multiple sexually explicit pictures and videos of the Plaintiff located in a hidden folder.The Apple corporation confirmed that the texts were sent from an iPhone 12.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 65, and therefore denies them.

66. Plaintiff contacted the Sheboygan Police Department who investigated and arrested Bedford for downloading sexually explicit images and videos of the Plaintiff and distributing them.

**Answer:** Defendant TCC Wireless admits that Bedford was arrested. Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 66, and therefore denies them.

67. The Sheboygan Police found personal sensitive photos and sexually explicit videos of the Plaintiff on Bedford's phone and/or on a web-based server.

**Answer:** Defendant TCC Wireless lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 67, and therefore denies them.

68. Based on information and belief, Bedford was hired, managed and retained by Defendant, TCC Wireless.

**Answer:** Defendant TCC Wireless admits that for a time, Bedford was an employee of TCC Wireless, and that TCC Wireless terminated his employment shortly after his arrest. TCC Wireless denies any remaining allegations of Paragraph 68.

69. Based on information and belief, Defendant TCC Wireless failed to take reasonable protections to protect the Plaintiff from harm.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 69 because they are untrue.

<u>First Claim—2022 Reauthorization of Violence Against Women Act ("VAWA"), 15 U.S.C. § 6851</u>

71. The Plaintiff realleges the allegations contained in paragraphs 1 through 70 of this Complaint as if set forth in full herein.

**Answer:** Defendant TCC Wireless restates its answers to the allegations set forth in each of the above Paragraphs.

72. Defendant, acting through their agent Bedford, disclosed Plaintiff's personal intimate visual depictions. These include visually identifiable depictions of her nude and engaging in sexually explicit conduct, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 72.

73. Defendant, acting through its agent Bedford, knew or recklessly disregarded the

fact that Plaintiff did not consent to the disclosure.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 73.

74. Defendant, acting through its agent Bedford, effectuated a disclosure that was in and affecting interstate commerce and used means of interstate commerce.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 74.

75. Bedford was acting within the scope of his employment. Defendant is vicariously liable for Bedford's conduct.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 75.

<u>Second Claim—Negligence</u>

76. The Plaintiff realleges the allegations contained in paragraphs 1 through 75 of this Complaint as if set forth in full herein.

**Answer:** Defendant TCC Wireless restates its answers to the allegations set forth in each

of the above Paragraphs.

77. Defendant was aware that their licensee, employees and agents, while conducting Defendant's business, access customer mobile phones.

**Answer:** Defendant TCC Wireless admits that in some instances of providing services or

sales, its employees may temporarily have access to a customer's mobile phone. TCC Wireless

denies any remaining allegations of Paragraph 77.

78. Defendant's duty requires it protects Plaintiff from imminent criminal harm and reasonably foreseeable criminal conduct.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 78.

79. The harm that befell Plaintiff was foreseeable based on numerous and recent prior similar acts of data theft and privacy violations at T-Mobile stores.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 79.

80.    Defendant was aware that customer phones contain personal, sensitive information.

**Answer:** Defendant TCC Wireless admits that in general, some customers' mobile phones may contain information the customer considers to be personal or sensitive. TCC Wireless denies any remaining allegations of Paragraph 80.

81.    Defendant failed to exercise ordinary care to ensure its employees do not access, download and carry away customer personal, sensitive information.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 81.

82.    Defendant's failure to exercise ordinary care resulted in harm to the Plaintiff.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 82.

83.    Plaintiff's injuries arose form circumstances that were reasonably foreseeable to Defendant because it was aware that its retail employees were routinely abusing their access to customers' private information during device upgrades and trade-ins.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 83.

<u>Third Claim— Negligent Misrepresentation</u>

84.    The Plaintiff realleges the allegations contained in paragraphs 1 through 83of this Complaint as if set forth in full herein.

**Answer:** Defendant TCC Wireless restates its answers to the allegations set forth in each of the above Paragraphs.

85.    Defendant misrepresented to the public that a person could bring their mobile phone to their store for purposes of an upgrade without personal, private information being put at risk.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 85.

86.    The Plaintiff was a member of the public, believed this representation and relied upon it by coming to the store and presenting her mobile phone to the Defendant's agent.

**Answer:** Defendant TCC Wireless admits that Plaintiff was a member of the public. TCC Wireless denies any remaining allegations of Paragraph 86.

87.     By making this misrepresentation, Defendant was required to exercise a duty of care for the Plaintiff.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 87.

88.     Defendant failed to exercise its duty of care proximately causing harm to the Plaintiff.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 88.

### Fourth Claim—Wis. Stat. § 995.50(2)(am)(1). (3) and (4)

89.     The Plaintiff realleges the allegations contained in paragraphs 1 through 88 of this Complaint as if set forth in full herein.

**Answer:** Defendant TCC Wireless restates its answers to the allegations set forth in each of the above Paragraphs.

90.     Defendant, acting through its agent Bedford, intruded upon the privacy of Plaintiff by accessing and carrying away her private, intimate visual depictions;

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 90.

91.     Based upon information and belief, Defendant, acting through its agent Bedford, made a public disclosure of facts regarding Plaintiff.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 91.

92.     Defendant, acting through its agent Bedford, possessed actual knowledge that no matter of legitimate public concern existed regarding the disclosure of Plaintiff's private information.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 92.

93.     Based upon information and belief, Defendant, acting through its agent Bedford,

located Plaintiff's private, intimate visual depictions on the iCloud server that was accessible by others.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 93.

94. Defendant, acting through its agent Bedford, intrusion into Plaintiff's private images and videos was of a nature that would be highly offensive to a reasonable person; and

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 94.

95. The intrusion occurred through accessing Plaintiff's protected mobile phone, the privacy of which was reasonably expected.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 95.

Fifth Claim—Negligent Hiring and Retention;

96. The Plaintiff realleges the allegations contained in paragraphs 1 through 95 of this Complaint as if set forth in full herein.

**Answer:** Defendant TCC Wireless restates its answers to the allegations set forth in each

of the above Paragraphs.

97. Defendant failed to exercise ordinary care in the hiring, management and retention of Bedford in but not limited to:

a. Allowing him unsupervised access to Plaintiff's private information;

b. Failing to have supervised the transfer of private personal data;

c. Other respects.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 97.

98. Defendant's negligence in hiring, managing, and retention of Bedford was a cause of Plaintiff's harm.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 98.

<u>Sixth Claim--Conversion</u>

99.     The Plaintiff realleges the allegations contained in paragraphs 1 through 99 of this Complaint as if set forth in full herein.

**Answer:** Defendant TCC Wireless restates its answers to the allegations set forth in each of the above Paragraphs.

100.     Defendant, acting through its agent Bedford, intentionally took control of Plaintiff's private, intimate representations.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 100.

101.     Defendant, acting through its agent Bedford, acted without Plaintiff's consent.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 101.

102.     Defendant, acting through its agent Bedford, seriously and permanently interfering with Plaintiff's ability to control the disclosure and viewing of said representations.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 102.

<u>Seventh Claim—Theft by Fraud: Wis. Stats. §895.446 and §943.20</u>

103.     The Plaintiff realleges the allegations contained in paragraphs 1 through 102 of this Complaint as if set forth in full herein.

**Answer:** Defendant TCC Wireless restates its answers to the allegations set forth in each of the above Paragraphs.

104.     Defendant, acting through its agent Bedford, took and carried away Plaintiff's property without her consent.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 104.

105.     Defendant, acting through its agent Bedford, knew that Plaintiff had not consented.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 105.

106.     Defendant, acting through its agent Bedford, intended to deprive the Plaintiff permanently of possession of the property.

**Answer:** Defendant TCC Wireless denies the allegations of Paragraph 106.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A.     For actual damages provided under 15 U.S.C. §6851(b)(3).

    a.     For liquidated damages provided under 15 U.S.C. §6851(b)(3).

    b.     For costs of the Plaintiff's action, including reasonable attorney's fees and other litigation costs incurred, pursuant to 15 U.S.C. §6851(b)(3)(A)(i).

B.     For damages compensating the Plaintiff for all damages and losses, including non-pecuniary losses including conscious pain and suffering, and emotional harm resulting from the Defendants violation of Wis. Stat. §995.50(2)(am)(1),(3), and (4).

C.     For compensatory economic and non-economic damages available under the law.

D.     For punitive damages pursuant to Wis. Stat. §895.043(3).

E.     For actual damages pursuant to §895.466(3)(a), including retail or replacement value of lost property, whichever is greater.

    1For all costs of investigation and litigation reasonably incurred pursuant to §895.466(3)(b).

    2For exemplary damages pursuant to §895.466(3)(c).

F.     For the costs, disbursements, and expenses incurred in prosecuting this action; and

G.     For such other further relief as the Court may deem just and equitable.

**Answer:** Defendant TCC Wireless admits that Plaintiff requests the relief described in this unnumbered Paragraph, specifically denies that she is entitled to any such relief, and denies any remaining allegations contained therein.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Venue is improper in this division, as the Complaint alleges conduct occurring in Sheboygan, Wisconsin, which is not in this Court's Green Bay Division.

2.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.     Defendant TCC Wireless owed no duty, or only a limited duty, to Plaintiff under the circumstances alleged, and any alleged duty does not extend as far as Plaintiff claims.

4.     Defendant TCC Wireless exercised reasonable care in hiring, training, and supervising its employees, including Bedford.

5.     Bedford's alleged criminal conduct was not within the scope of his employment with Defendant TCC Wireless.

6.     Defendant TCC Wireless's alleged conduct was not the proximate cause of Plaintiff's claimed injuries. Any harm resulted from Bedford's independent criminal acts that were unforeseeable and outside the scope of his employment.

7.     Any harm suffered by Plaintiff was caused by the intervening and superseding acts of Bedford, for which Defendant TCC Wireless is not liable.

8.     One or more claims are barred, in whole or in part, by the applicable statutes of limitations.

9.     Plaintiff has failed to mitigate her damages, if any.

Defendant TCC Wireless reserves the right to assert additional affirmative defenses as may become apparent through discovery and further investigation of the facts.

**Wherefore**, Defendant TCC Wireless requests that judgment be entered in its favor and against Plaintiff, plus costs of this action and all other just and proper relief.

Date: December 2, 2025

Respectfully submitted,

TCC WIRELESS, LLC

/s/ *Benjamin S. Morrell*
Benjamin S. Morrell (IL ARDC No. 6341896)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
Tel.: (312) 527-4000
Fax: (312) 527-4011
bmorrell@taftlaw.com

*Counsel for Defendant TCC Wireless, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing documents with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Dated: December 2, 2025

*/s/ Benjamin S. Morrell*