UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

---

BRIUNA HARPER,

                          CASE NO.:    25-cv-686

      Plaintiff,

v.

TCC WIRELESS LLC

      and

XYZ Insurance Company,

      Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO CHANGE VENUE**

---

### <u>Summary</u>

Defendant's Motion to Change Venue should be denied. The Court has already ruled on the issue presented in Defendant's Motion. [Dkt. 22, p.2]. Even if Defendant had objected and the Court applied a 28 U.S.C. §1404(a) analysis, Defendant's motion fails. Venue in the Green Bay Division creates little if any inconvenience for Defendant and the travel time for Sheboygan-area witnesses will not improve if Defendant's request is granted. Finally, no injustice will result from the denial of Defendant's Motion.

## Relevant Facts

Plaintiff filed her claims against Defendants TCC Wireless in the Green Bay Division of the United States District Court for the Eastern District of Wisconsin. [Dkt. 1]. While Plaintiff's permanent address is in Texas, she resides the majority of the year in the geographical territory of this Court. [*Id.* at p. 2, ¶2]. All actions relating to Plaintiff's claims occurred within the territory of this Court. [*Id.*, p.3, ¶12]. Despite having concerns with venue, Defendant chose not to alternatively raise the issue of venue in its Motion to Compel Arbitration. [Dkt. 23, p.2]. This Court exercised its discretion to not transfer this case to the Milwaukee division. [Dkt. 22, p.2].

## Legal Standard

The venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The change of venue statute provides that the venue may be changed under the following circumstances:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division

2

in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

(c) A district court may order any civil action to be tried at any place within the division in which it is pending.

28 U.S.C. § 1404.

## Argument

In their Motion, Defendant erroneously asserts the jurisdictional authority conferred by 28 U.S.C. §1391(b) implicates the administrative divisions within the United District Court of the Eastern District of Wisconsin. [Dkt. 23, p.4-5]. In conferring jurisdiction to federal courts, 28 U.S.C. §1391(b) references only "districts." Nowhere does it reference divisions. Defendant is therefore incorrect when it argues Plaintiff "could not have" brought her claim "in the Green Bay division under any subsection of §1391(b)." [*Id.*]. The statue says no such thing.

Instead, the Court has rightly noted that the genesis of the Green Bay and Milwaukee divisions is administrative. [Dkt. 22, p.2]. As an administrative creation, the Court has discretion to designate the "'location within the district as the place of trial.'" [*Id. quoting Grossman v. Smart*, 73 F.3d 364, 1995 WL 767893 at *1 (7th Cir. 1995) (table)]. In this case, the Court has done just that stating, "[t]he defendant having not objected, *see* 28 U.S.C. § 1406(b), the court declines to reassign the case to a judge in the Milwaukee division." [*Id.*].

Defendant also errs in arguing that this Court must apply an analysis under 28 U.S.C. §1404(a) analysis to invoke its power under 28 U.S.C. §1404(c) to decide where, within its district, a case must be heard.[1] Section §1404(a) expressly conditions transfer authority on a showing of "the convenience of parties and witnesses" and "the interest of justice." By contrast, 28 U.S.C.

---

[1] The unpublished *Grossman v. Smart* decision states that "[W]e look to the transfer requirements of 28 U.S.C. §1404(a) in assessing the court's exercise of discretion. See *Grossman v. Smart,* 73 F.3d 364, 1995 WL 767893 at *4 (7th Cir. 1995). While not binding on this Court, the decision notably does not say that a court shall look at a §1404(a) analysis.

3

§1404(b) and §1404(c) contain no such language and instead allows "in the discretion of the court," to transfer "from the division in which" in which a claim "pending to any other division" as well as authorizing the court to "order any civil action to be tried at any place within the division in which it is pending." The omission is deliberate. Congress chose to cabin the structured balancing test to inter-district (or inter-divisional venue) transfers, while leaving intra-district place-of-trial decisions to the court's inherent administrative discretion.

### **Analysis under 28 U.S.C. §1404(a) demonstrates no basis for transfer**

Had Defendant objected and this Court had chosen to apply an analysis for convenience and justice under 28 U.S.C. §1404(a), Defendants fail to meet the burden necessary to transfer this case on the grounds of convenience or injustice. According to the district court, "[t]he moving party has the burden of showing 'that the transferee forum is clearly more convenient.'" *Davenport v. Sukowaty*, No. 23-cv-1694-pp, 2025 U.S. Dist. LEXIS 182204, at *6 (E.D. Wis. Sep. 17, 2025) *quoting Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220 (7th Cir. 1986). To gauge whether that burden has been met, the district cour applies a three-part analysis to resolve a motion to transfer under 28 USCS § 1404(a):

> "(1) whether the action could have been brought in the alternative forum; (2) whether the alternative forum would be more convenient for the parties and witnesses; and (3) whether the transfer would be in the interest of justice."

*Kelley Co. v. Cent. Nat'l Ins. Co*., 598 F. Supp. 350, 351 (E.D. Wis. 1984).

Plaintiff does not contest the fact that her claim would be properly filed in the Milwaukee division of this Court. Moving to the second point of the transfer analysis, this Court considers the private interests of:

> "plaintiff's choice of forum, the situs of material events, the relative ease of access to sources of proof from each forum, and the convenience to the parties relative to their respective residences and ability to bear the expense of trial in a particular forum."

*Harley-Davidson, Inc. v. Columbia Tristar Home Video*, Inc., 851 F. Supp. 1265, 1270 (E.D. Wis. 1994)

Contrary to Defendant's assertion, Plaintiff's choice of forum does carry significance in the Court's analysis. Defendant contends otherwise and incorrectly cites *Dunn. v. Soo Line R.R. Co. (N.D. Ill. 1994)* to argue Plaintiff's decision to choose this Court "has minimal value." [Dkt. 23, p. 6]. In *Dunn. V. Soo Line R.R. Co.*, the court considered a transfer motion involving a plaintiff residing in Illinois suing a Minnesota-based train company for a wrongful death that occurred within the geographical boundaries of the Western District of Wisconsin. *Dunn v. Soo Line R.R.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994). That court noted that "where the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum," the law of that court gave plaintiffs choice of venue "'minimal value.'" (*Id. citing Robison v. Twon of Madison*, 752 F. Supp. 8432, 849 (N.D. Ill. 1990).

While not binding on this Court, *Dunn* is factually distinct from this case regardless. *Dunn* involved transfers between districts located in two separate states, not divisions within a single judicial district as is the case here. There is no dispute that Plaintiff's claims all occurred within the Eastern District of Wisconsin and Plaintiff's choice of this forum therefore is of great import. The district, not the division, matters.

## Convenience in this case is not served by transfer

Defendant asserts the greater convenience of a Milwaukee venue over this forum for it personally as well as for fact witnesses. [Dkt. 23, p.5-6]. While it may be true that there is no train service from Chicago to Green Bay, there are plenty of direct commercial flights (Affidavit of Andrew Hysell ¶2, Ex. A). Also, Defendant's contention that the Milwaukee division is more "readily accessible" to fact witnesses is also incorrect. [Dkt. 23, p. 6]. According to mapping software that considers real time traffic, the travel time between Sheboygan and Green Bay and Sheboygan and Milwaukee is the same. (Hysell Aff. ¶3, Ex. B).

Defendant argues that transfer would create greater convenience for Plaintiff. [Dkt. 23, p.6]. Defendant's argument is irrelevant as Plaintiff has chosen to file her claim in this Court which she asserts is the most convenient forum for her claims. In an instance of considering convenience for a non-moving plaintiff, the district court said that it "cannot question" the plaintiff's assertion of convenience and therefore "will accept the assertion as made" regardless of how illogical it might have been in that case. (*United States. V. American Linen Supply, Co.*, 134 F. Supp.21, *25 (E.D. Wis. 1955).

## There is no interest in justice served by transfer in this case

According to the district court, the "'interest of justice' analysis focuses on whether transfer would promote the 'efficient administration of the court system,' including whether transfer would insure or hinder a speedy trial." *Walton v. United States*, No. 17-CV-1430, 2018 U.S. Dist. LEXIS 58112, at *4 (E.D. Wis. Apr. 4, 2018) *quoting Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). Interests of justice do not weigh in favor of transfer in this case. As was the case in *Robillard v. Knuston*, Defendant "does not argue...in favor of transfer due to docket congestion, likely speed to trial..." See *Robillard v. Knutson*, No. 24-CV-1077-JPS, 2025 U.S. Dist. LEXIS 130085, at *21 (E.D. Wis. July 9, 2025). What Defendant does argue is that access to witnesses

6

and proof are enhanced by the transfer and cites the *Dunn* decision as authority that "'*the relationship of the forum*, *the court*, and prospective jurors with the occurrence at issue, access to sources of proof, the cost of attendance of willing witnesses…'" leans towards transfer. [Dkt. 23, p. 6] *(emphasis added*). However, Defendant cites no authority or evidence that changing divisions would positively impact any of these factors. As noted above, the *Dunn* court considered these types of factors in the context of different district courts in different states, not within the administrative divisions of a single district court. "[T]he court" here is the Eastern District of Wisconsin within which all actions and omissions occurred that give rise to Plaintiff's claims. The federal venue statute references district courts, not divisions within those district courts. (*See 28. U.S.C. 28 U.S.C. § 1391(b)).* Defendants fail to identify any interest of justice to warrant the transfer of this case from Green Bay to the Milwaukee division.

## Conclusion

For the reasons stated above, it is respectfully submitted that this Court should deny Defendant's Motion for Change of Venue.

Dated the 17th, December, 2025.

LawtonCates s.c.

By: *Electronically signed by Andrew J. Hysell*
       Andrew J. Hysell, State Bar No.: 1053807
       Dixon R. Gahnz, State Bar No.: 1024367
       Attorneys for Plaintiff

P.O. Box 2965
1050 E. Washington Ave. Ste. 330
Madison, WI 53703
P: (608) 282-6200
F: (608) 975-2662
ahysell@lawtoncates.com
dgahnz@lawtoncates.com

7