# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIUNA HARPER,

          Plaintiff,

v.                                                Case No. 25-CV-686

TCC WIRELESS, LLC,

          Defendant.

## DECISION AND ORDER

On November 18, 2025, the court denied TCC Wireless's motion to compel arbitration. (ECF No. 22); *Harper v. TCC Wireless, LLC*, No. 25-CV-686, 2025 U.S. Dist. LEXIS 226411 (E.D. Wis. Nov. 18, 2025). In doing so, the court noted that, because she alleged that all relevant events happened in Sheboygan County, Wisconsin, Briuna Harper incorrectly filed this action in the Green Bay division of the Eastern District of Wisconsin. *Id.* at *2. However, because TCC Wireless did not raise the issue and because the district's divisions are administrative rather than statutory, the court declined to transfer the case to a judge in the Milwaukee division. *Id*.

TCC Wireless has now moved to transfer this action to the Milwaukee division. (ECF No. 23.) In doing so, it states that it immediately noticed that the case should

have been filed in the Milwaukee division but did not raise the issue lest it be seen as inconsistent with its motion to compel arbitration. (ECF No. 23 at 2.)

TCC Wireless's explanation is unpersuasive. At a minimum, it could have raised Harper's failure to file in the correct division as an alternative to its motion to compel arbitration. By waiting until the court had ruled on its motion to compel arbitration TCC Wireless forfeited the opportunity to challenge proceeding in the Green Bay division. Permitting a party to delay a motion to transfer a case between administrative divisions of a district would invite impermissible judge shopping. A party could take its chances with the first judge and then, if dissatisfied with the outcome, play the transfer card and obtain a new judge. Courts do not tolerate judge shopping and may impose sanctions on attorneys who attempt it. *See, e.g.*, *Pitts v. Hughes*, No. 24-cv-1679-DWD, 2024 U.S. Dist. LEXIS 140624, at *2 (S.D. Ill. Aug. 7, 2024) (citing cases).

While judges retain the discretion to transfer an action between administrative divisions of a district at any time, the court declines to do so here. The relevant factors favoring transfer—most significantly the convenience of the parties—are insufficient to overcome the potential for undermining the efficient administration of justice that would arise if the court opened the door to potential judge shopping.

Again, the court underscores that the Eastern District of Wisconsin's divisions are administrative rather than statutory. In that sense, they are somewhat arbitrary. The judges of the district have divided the counties into divisions considering both geography and the caseloads among the judges. Notably, Sheboygan County was

originally part of the Green Bay division, *see* Gen. Ord., Assignment of Cases to the Green Bay Division (Aug. 20, 2002, E.D. Wis.), but was reassigned to the Milwaukee division to more equitably balance the workload among the judges, *see* Gen. Ord., Assignment of Cases to the Green Bay Division (Nov. 10, 2004, E.D. Wis.). There are also certain types of cases that are randomly assigned among the judges of the Eastern District of Wisconsin without regard to division because assigning the cases by division would swamp the judge designated to hold court in Green Bay. *See, e.g.*, Notice Regarding Change in Social Security Case Assignments (Apr. 18, 2018), available at https://www.wied.uscourts.gov/news/notice-regarding-change-social-security-case-assignments.

Accordingly, TCC Wireless's motion to transfer this action to a judge in the Milwaukee division is **denied**. The action will remain in the Green Bay division absent an agreement of the parties to reassign the action.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 16th day of March, 2026.

*s/ Byron B. Conway*  
BYRON B. CONWAY  
U.S. District Judge