UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

BRIUNA HARPER,

CASE NO.:    25-cv-686

Plaintiff,

v.

TCC WIRELESS LLC

and

XYZ Insurance Company,

Defendants.

**RULE 26(f) REPORT ON DISCOVERY PLANNING CONFERENCE
SUBMITTED ON BEHALF OF PLAINTIFF AND DEFENDANT TCC WIRELESS, LLC**

The Court will conduct a telephonic scheduling conference on April 21, 2026 at 9:30 a.m. EST. Pursuant to the Court's Order, Plaintiff and Defendant TCC Wireless, LLC in the above-captioned matter have conferred to discuss the proposed discovery plan in this case and jointly submit the following Fed. R. Civ. P. 26(f) Joint Report.

I.      **Concise Statement of the Nature of the Case**

Plaintiff alleges that Defendant TCC Wireless, both directly and through its agent, acted negligently, breaching duties of care owed to Plaintiff and thereby causing her injury through disclosure of her intimate images. Plaintiff further alleges Defendant violated the Violence Against Women Act through its agent. Defendant TCC Wireless denies any wrongdoing.

II.     **Material Factual and Legal Issues to be Resolved**

Plaintiff and Defendant TCC Wireless believe the following factual and legal issues will need to be resolved at trial:

A. Whether Defendant TCC Wireless acted negligently through its employee, Farlane Nicholas Bedford (hereafter "Bedford"), to violate Plaintiff's privacy through disclosure of her electronically stored information (hereafter "ESI").

B. Whether Defendant TCC Wireless acted intentionally through its employee, Bedford, to violate Plaintiff's privacy through disclosure of her ESI.

C. Whether Defendant TCC Wireless was negligent in hiring, training and supervising Defendant's employee, Bedford.

D. Whether Defendant TCC Wireless's actions violated the Violence Against Women Act.

E. Whether Bedford was acting within the scope of his employment when he disclosed intimate images of Plaintiff.

F. What damages Plaintiff is entitled to, if any.

## III. **Proposed Discovery Plan**

A. <u>Discovery Timeline</u>

| EVENT | DEADLINE |
|---|---|
| Rule 26(a)(1)(A) Initial Disclosures | May 15, 2026 |
| Motion for Stipulated Protective Order | May 15, 2026 |
| Deadline for amendments to pleadings without leave of Court | May 15, 2026 |
| Plaintiff's Rule 26(a)(2) expert disclosures | July 24, 2026 |
| Defendants' Rule 26(a)(2) expert disclosures | October 2, 2026 |
| Discovery cutoff | December 18, 2026 |
| Dispositive motions deadline | January 18, 2027 |

2

B. Modifications to Rule 26(a) Disclosures.

Plaintiff and Defendant TCC Wireless do not anticipate the need for any modifications to the required 26(a) disclosures.

C. Subjects for Discovery.

Plaintiff and Defendant TCC Wireless agree that the subjects for discovery shall relate to issues including but not limited to the factual issues described in Section II. Plaintiff will seek discovery related to these issues including, but not limited to, TCC Wireless human resource policies, training materials, customer data handling procedures, ESI video footage of the phone transfer between Bedford and Plaintiff case and depositions of TCC Wireless employees and managers.

D. Electronically Stored Information.

Plaintiff and Defendant TCC Wireless have conferred and agree that certain discovery required in this case may involve Plaintiff's ESI of a highly sensitive nature as well as that involving Defendant's proprietary information. Plaintiff and Defendant TCC Wireless therefore shall file a Motion for a Protective Order pursuant to Fed. R. Civ. P. 26(c)(1) establishing procedures for the disclosure of such information to prevent any unnecessary injury to Plaintiff and Defendant TCC Wireless.

Plaintiff and Defendant TCC Wireless agree that electronically stored information consisting of text documents will be provided as searchable pdf files. A Party may thereafter request production of a document in its native file format, which the other Party will then agree to produce, if possible, unless there is a specific objection to such production.

All discovery, including ESI, is subject to a privilege review prior to production. Plaintiff and Defendant TCC Wireless agree that the protections set out in Fed. R. Civ. P. 26(b)(5)(B) are appropriate not only for electronic discovery, but for any form of discovery that may be disclosed

3

inadvertently. Depending on the nature of the discovery requests, Plaintiff and Defendant TCC Wireless reserve the right to assert privilege claims under any applicable privilege, including the attorney-client and attorney work-product privileges. Plaintiff and Defendant TCC Wireless reserve the right to assert any appropriate privilege at any time through the litigation. Plaintiff and Defendant TCC Wireless have agreed that the "claw-back" provision set out in Fed. R. Civ. P. 26(b)(5)(B) should control.

E.  Electronic Service

Plaintiff and Defendant TCC Wireless consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)F and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

F. Electronic Copies

Plaintiff and Defendant TCC Wireless agree that copies of all written discovery requests and responses shall be provided and/or served electronically and that copies of all proposed findings of fact as required by the Court's standing order shall be provided and/or served electronically.

Date: 4/8/2026

LAWTON & CATES, S.C. Attorneys for
Plaintiff, Briuna Harper

TAFT STETTINIUS & HOLLISTER LLP
Attorneys for Defendant, TCC Wireless


*Electronically signed by Andrew J. Hysell*
Andrew J. Hysell, SBN.: 1053807
Dixon R. Gahnz, SBN.: 1024367
P.O. Box 2965
1050 E. Washington Ave. Ste. 330
Madison, WI 53703
P: (608) 282-6200
F: (608) 975-2662
ahysell@lawtoncates.com
dgahnz@lawtoncates.com

*Electronically signed by Benjamin S. Morrell*
Benjamin S. Morrell, IL ARDC No. 6341896
111. E Wacker Drive, Suite 2600
Chicago, IL 60601
P: 312-527-4000
F: 312-527-4011
bmorrell@taftlaw.com

4