**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**BRIUNA HARPER,**

        **Plaintiff,**

        **v.**                             **Case No.  26-CV-686**

**TCC WIRELESS, LLC, et al.,**

        **Defendants.**

---

**SCHEDULING ORDER**

---

The court held a telephone scheduling conference with the parties' attorneys on April 21, 2026, pursuant to Fed. R. Civ. P. 16 and Civil L.R. 16(a) (E.D. Wis.). Accordingly, the parties shall comply with the following schedule and procedures.

**DISCOVERY**

1. Initial disclosures are to be exchanged between the parties no later than May 15, 2026 in accordance with Fed. R. Civ. P. 26(a)(1).  These documents are not to be filed with the court.

2. Amendments to the pleadings are due no later than May 15, 2026.

3. In accordance with Fed. R. Civ. P. 26, Plaintiff's expert witness disclosure is due no later than July 24, 2026 and Defendant's expert witness disclosure is due no later than October 2, 2026.  These documents are to be exchanged between the parties and are not to be filed with the court.

4. All discovery in this case is to be completed no later than December 18, 2026.

5. Depositions, whether for discovery purposes or for trial, must be completed by the discovery deadline absent agreement of the parties or order of the court.

6. Boilerplate objections to discovery requests are not to be used. In the event a responding party has an objection to a particular discovery request, the objection is to be stated with specificity. The response should also indicate whether some or all of the requested information or documents are NOT being produced on the basis of an objection.

## SUMMARY JUDGMENT MOTIONS

7. Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L.R. 7 and shall be served and filed no later than January 19, 2027.

8. Any summary judgment motion filed against a pro se litigant must comply with Civil L.R. 56(a).

## FINAL PRETRIAL AND TRIAL

9. The clerk will schedule a Telephone Scheduling Conference upon entry of the decision and order on summary judgment or once the summary judgment deadline has passed to schedule a Final Pretrial Conference and Jury Trial.

## ADDITIONAL PROCEDURES

10. All requests of the court must be made by formal motion in accordance with Civil L.R. 7 and the Federal Rules of Civil Procedure.

11. Expedited non-dispositive motions must comply with Civil L.R. 7(h).

12. Counsel seeking non-dispositive procedural relief shall consult with the opposing party and include in the motion a statement indicating whether or not the motion is opposed.

13. Counsel are to confer and make a good faith effort to settle the case and explore various methods of alternate dispute resolution (ADR). The court will refer the case to one of the

magistrate judges for mediation, at no cost to the parties, when a request is made at least ninety (90) days prior to the final pretrial conference.

14. Settlement discussions must be completed prior to the final pretrial conference. In cases where settlement occurs after the final pretrial conference, the court may impose jury-related costs, including notification, travel, and attendance fees, upon the responsible attorneys.

15. The foregoing schedule shall not be modified except upon a showing of good cause and by leave of the court. The pendency of motions or settlement discussions shall not justify modification of the schedule, nor delay the taking of discovery.

**SO ORDERED** at Green Bay, Wisconsin this 21st day of April, 2026.

s/ Byron B. Conway
BYRON B. CONWAY
United States District Judge